# Richmond

EDWARD LEWIS COSBY v. COMMONWEALTH OF VIRGINIA.

March 8, 1971.

Record No. 7419.

Present, All the Justices.

*Robert G. Cabell, Jr.,* for plaintiff in error.

*William M. Phillips, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Edward Lewis Cosby, seeks to reverse his conviction of statutory burglary in the court below on the ground that the court erred in "refusing to suppress the evidence seized under the search warrant and incident to (his) arrest inasmuch as said arrest for vagrancy was a sham and devised to obtain evidence prior to placing a formal charge of breaking and entering against the defendant".

From the record it would appear that the defendant was arrested at approximately 3:30 p.m. on December 27, 1966, on a charge of vagrancy. He was searched when he was arrested but no evidence was found on his person as a result of this search.

The record shows that the items introduced in evidence, which resulted in defendant's conviction, were seized pursuant to three

search warrants. Two of these search warrants were for dwellings remote from the place where defendant was arrested. The other search warrant was for the vehicle in which defendant was a passenger at the time of his arrest. Defendant does not now challenge the validity of these search warrants or of the supporting affidavits.

The evidence introduced was seized under what are now conceded to be valid search warrants and is clearly admissible.

Whether the arrest of defendant for vagrancy was a valid arrest becomes moot as there is no showing that he was in any way prejudiced in his trial for breaking and entering by reason of his arrest for vagrancy.

*Affirmed.*